# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

PAULA A. PIEHL, et al.

Plaintiffs,

v.                                           Civil Case No. CCB-13-254

NARAYAN P. SAHETA, M.D.

Defendant

## MEMORANDUM OPINION

This case involves medical malpractice claims brought by the survivors of and the estate of Martin Abraham Piehl ("Plaintiffs") against Mr. Piehl's treating cardiologist, Defendant Dr. Narayan Saheta. Now pending is Dr. Saheta's Motion for *Ex Parte* Communications with Plaintiff's Treating Health Care Providers [ECF No. 16].[1] Dr. Saheta asks this Court to permit *ex parte* communications with Mr. Piehl's treating health care providers. I find that a hearing is unnecessary in this case. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, Dr. Saheta's motion is DENIED.

Dr. Saheta premises his request for a Court order on Md. Code Ann. Health-Gen § 4-306(b)(3), which states that health care providers, "shall disclose a medical record without the authorization of a person in interest to a health care provider or legal counsel, all information in a medical record relating to a patient's health, health care, or treatment which forms the basis for the issues of a claim in a civil action initiated by the patient." Moreover, Dr. Saheta contends that Maryland law does not prohibit *ex parte* communications between attorneys and the treating

---

[1] This case has been referred to me by Judge Blake to resolve disputes over the pending motion. [ECF No. 18].

1

physician of the opposing party who has placed a medical condition at issue in the case. *See Butler Tulio v. Scroggins*, 774 A.2d 1209 (2001). However, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") prohibits physicians from releasing a patient's protected health information except in exceptional circumstances. *See* 45 C.F.R. §160.103. 45 C.F.R. § 160.203 states that HIPAA and related CFR provisions expressly supersede any contrary provisions of state law unless the state law provides more stringent requirements for release of information. *Id.*

Dr. Saheta argues that Maryland General Health Code § 4-306 is more stringent than HIPAA, which would negate preemption. With respect to disclosure of protected patient information, however, the provisions of Maryland's General Health Code are far less stringent than HIPAA requirements. § 4-306 not only allows, but in fact mandates that health care providers disclose medical records without the authorization of persons in interest to an adverse party's legal counsel. *See* Md. Code Ann. Health-Gen. § 4-306(b)(3). Conversely, HIPAA provides for the exact opposite: protected health information is not available in a judicial proceeding without some prior authorization, either through formal discovery methods or in response to a court order. *See* 42 U.S.C. § 1320(d)-7(a)(2)(B) *and* 45 C.F.R. § 164.512(e). Dr. Saheta's argument is not compatible with this Court's interpretation of HIPAA's "more stringent" provision. This Court has held that, in light of the criteria for "more stringent" listed in 45 C.F.R. § 160.202, the Court views a "more stringent state law" as any law that gives patients increased control over their own medical records. *See Law v. Zuckerman*, 307 F. Supp. 2d 705, 709 (D. Md. 2004). In the instant case, Maryland law gives patients less control, and HIPAA's preemption provision therefore applies. *Id.*

Dr. Saheta next argues that he is disadvantaged because he cannot conduct any informal discovery without notice to and permission from the Plaintiffs, while Plaintiffs are free to contact Mr. Piehl's treating physicians in any form and at any time. Def.'s Mot. 4. Dr. Saheta moves for this Court to authorize *ex parte* communications with the deceased's treating physicians to "level the playing field" between parties, which Dr. Saheta contends is the purpose of § 4-306(b)(3) and is provided for in HIPAA. Def.'s Mot. 4-5. Dr. Saheta's argument is unconvincing on three counts. First, as discussed above, § 4-306(b)(3) does not apply in the instant proceedings, and it is therefore irrelevant what rights the Maryland General Assembly envisioned when it enacted § 4-306. Instead, the more stringent standard found in 45 C.F.R. § 164.512(e) governs this motion.

Secondly, Dr. Saheta's argument rests solely on the erroneous notion that defendants and plaintiffs must have exactly the same access to fact witnesses in litigation. HIPAA's restrictions on *ex parte* communications do not create as uneven a playing field as Dr. Saheta contends, as, under HIPAA, defendants can still have access to information through formal discovery requests. Thus, while HIPAA restricts opportunities for *ex parte* communications, it does not actually limit a defendant's ability to obtain protected information because formal discovery is still readily available. Dr. Saheta's contention that he should be allowed unlimited access to all of Mr. Piehl's medical history simply because the Plaintiffs have such access is unpersuasive.

Finally, Dr. Saheta's argument overlooks the significant public policy reasons for keeping a plaintiff's sensitive medical information restricted. In enacting HIPAA, Congress recognized a societal interest in maximizing the protections afforded in the confidential physician-patient relationship, even where a patient's medical history is at issue in a court case. *See E.E.O.C. v. Boston Mkt. Corp.*, 2004 WL 3327264 at *2 (E.D.N.Y. Dec. 16, 2004). Dr. Saheta has not identified what medical information he is specifically seeking to access in his

requested conversations with Mr. Piehl's treating physicians. Instead, Dr. Saheta asks the Court to enter an order permitting him to have *ex parte* communications with "all" of Mr. Piehl's treating health care providers – twenty-one in total – so that he may discuss anything regarding their care and treatment of Mr. Piehl. Def.'s Mot. 5. HIPAA clearly requires that only "expressly authorized," limited, and specifically identified protected health information may be disclosed in judicial proceedings under a court order for *ex parte* communications. 45 C.F.R. § 164.512(e)(1)(i). Given the expansive and general nature of his request to converse with Mr. Piehl's treating physicians about an indefinite number of topics, there would be no way to ensure that only material relevant to the instant case would be disclosed. Where, as in this case, a defendant has given no indication of the type of information he is looking for in his request to communicate with another party's treating physicians, this Court could not tailor an order to permit dissemination only of relevant facts. *See Harlan v. Lewis*, 141 F.R.D. 107, 111-12 (E.D. Ark. 1992). ("The physician, largely unschooled in legal matters, cannot be expected to make the sometimes difficult determination of what matters are relevant to the plaintiff's claims. The participation of both parties' counsel in formal discovery will help insure [sic] that these questions are resolved to the satisfaction of both parties.")

This Court is not suggesting that Dr. Saheta be barred from access to Mr. Piehl's medical history. In fact, Plaintiffs have provided Dr. Saheta with authorizations for the requested health information so that Dr. Saheta can obtain protected medical records through formal discovery procedures. Pl's. Resp. 3. However, HIPAA's strong language suggests that exceptions allowing *ex parte* communications for "expressly authorized" information were not intended to give one party an unlimited and uncontrolled opportunity to engage in conversations with health care providers, regardless of the relevance of the information found. Requiring Dr. Saheta to

obtain access to Mr. Piehl's protected medical information through formal discovery proceedings "strikes an appropriate balance between the parties' ability to obtain all relevant information and the patient's right to have irrelevant medical information remain confidential." *Harlan*, 141 F.R.D. at 111. Defendant's motion is therefore denied. A separate Order follows.


Dated: June 5, 2013                            /s/
                                               Stephanie A. Gallagher
                                               United States Magistrate Judge