# MARYLAND CIVIL PATTERN
# JURY INSTRUCTIONS

## CHAPTER ONE
## General Instructions

### MPJI-Cv 1:1
### Introduction
### By: Narayan P. Saheta, M.D.

a.  Instructions at Beginning of Trial

(1) Explanation of Trial Procedure

Members of the jury, in this case the plaintiff, (*name*), has sued the defendant, (*name*), claiming damages for (*brief description of claim*).

The trial will proceed in the following way. You will first hear opening statements by the lawyers. Each party has the right to make an opening statement for the purpose of outlining for you what the party expects to prove. The plaintiff's lawyer will make the first opening statement and then the defendant's lawyer may choose whether to make an opening statement.

The plaintiff will then present evidence. After the plaintiff's case has been presented through witnesses and exhibits, the defendant will then have an opportunity to present evidence. Each witness is first examined by the party who calls the witness to testify and then the opposing party is permitted to cross-examine the witness.

During the trial the lawyers may make objections to the introduction of evidence, or make motions concerning the law. Arguments about objections or motions are usually made out of the hearing of the jury, either here at the bench or after you have been excused from the courtroom. This is because questions of law and admissibility of evidence do not involve the jury; they are decided by the judge. It is the duty of a lawyer to make objections and motions which the lawyer believes are proper. You should not be influenced by the fact that a lawyer has made objections or by the number of objections which have been made. You should draw no conclusions from my rulings, either as to the merits of the case or as to my views regarding any witness or the case itself.

After the conclusion of all of the evidence, I will instruct you as to the law applicable to this case. You must follow and apply the law as I will explain it to you. After these instructions, the lawyers will make their closing arguments. In their arguments, the lawyers will point out to you what they contend the evidence has shown and the conclusions they would like you to draw from the evidence. The plaintiff's lawyer will make the first closing argument, and then the defendant's lawyer will make a closing argument. After the defendant's argument, the plaintiff will have an opportunity to make an argument in rebuttal to the defendant's argument. What the lawyers say in their opening statements, in their closing arguments, and in making objections or motions during the trial, is not evidence. The reason the plaintiff goes first in each instance is because the plaintiff has the burden of proof.

After closing arguments, you will retire to the jury room and begin your deliberations. It will then be your function and responsibility to decide the facts. You must base your findings only upon the testimony, the exhibits received and the stipulation(s) of the parties and any conclusions which may fairly be drawn from that evidence.

(2) General Principles

The following general principles are intended to assist you in judging the evidence and to guide you in the performance of your duties as jurors during the course of the trial: [*MPJI-Cv 1:3, 1:4, 1:5, 1:6, 1:8, and 1:12 to the extent they are applicable, are to be used here.*]

(3) Admonitions as to Juror Conduct

This case will probably take (*insert number*) days to conclude. During that period, there will be recesses and adjournments of court when you will be excused. From this point forward, until the case is over and you have rendered your verdict, you may not discuss the case with anyone who is not on the jury. You may not discuss the case even with each other during the trial. You must wait until after you have heard (1) all of the evidence, (2) my instructions as to the law, and (3) closing arguments. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, any internet chat room, or by way of any other social networking websites, including Facebook, MySpace, LinkedIn, and YouTube. In fairness to all the parties to this case, you should keep an open mind throughout the trial.

2

You should reach your final conclusions only during your deliberations after having heard all of the evidence, my instructions as to the law and the lawyers' closing arguments. Until the trial is over, you must avoid all contact of any kind with any of the participants in the trial, except for common courtesy such as the exchange of greetings. That includes the parties, the lawyers, the witnesses and any persons whom you see in close contact with these individuals. You, as a juror, must decide this case based solely on the evidence presented in this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the attorneys, parties, and witnesses in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside this courtroom. Do not visit the scene of any incident mentioned in the testimony or seek advice from friends or acquaintances as to any issues in this case or otherwise conduct investigation outside the courtroom. The reason for this is that you must decide the case only on the evidence that you have heard and seen in the courtroom and on nothing else.

(4) Publicity

There may be public interest in this case and news coverage or other discussion of it. For that reason, do not read any article or any other report, or watch or listen to any television or radio news report, about the case. If anything occurs contrary to these instructions, please write me a note and give it to the bailiff as soon as possible and do not discuss it with anyone else.

(5) Note Taking by Jury

Each of you has been given a note pad to be used if you wish to take notes during the trial. Please write your name and nothing else on the first page of your note pad. At the end of the day, the bailiff will collect the note pads and no one will be permitted to read them. Any notes you take are only to help you remember and are not evidence. Do not let note taking interfere with watching and listening to the witnesses.

b.  Admonitions During Recess/Adjournment

The court will now be in recess [adjourned] until (*blank*). As I indicated during the instructions at the beginning of this trial, during any recess [adjournment] you may not and should not discuss the case with anyone not on the jury. You may not discuss this case even with each other or use any electronic device, web search, or tool of technology to obtain information about

this case, the attorneys, the parties, or the witnesses, or to help you decide the case. Do not try to find out information from any source. Do not visit the scene of any incident mentioned in the testimony or seek advice from friends or acquaintances as to any issues in this case or otherwise conduct an investigation outside the courtroom.

c.   Instructions at End of Trial

Members of the jury, the time has come for the Court to give you its instructions with respect to the law that is applicable in this case. You must apply the law as I explain it to you. Any comments I may make about the facts are only to help you and you are not required to agree with them. It is your function and responsibility to decide the facts. You must base your findings only upon the testimony, the exhibits received and the stipulation[s] of the parties, including any conclusions which may be fairly drawn from that evidence. Opening statements and arguments of the lawyers are not evidence in this case. If your memory of any of the testimony is different from any statement that I might make during the course of these instructions or that counsel might make in argument, you must rely on your own memory.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website (such as Facebook, My Space, LinkedIn, YouTube or Twitter), to communicate to anyone any information about this case or to conduct any research about this case until the verdict is accepted.

d.   Witness and Party

Any person who testifies, including a party, is a witness.

**MPJI-Cv 1:2**
**Questions of Law During Trial**
**By: Narayan P. Saheta, M.D.**

During the course of the trial, it has been my duty to rule on a number of questions of law, such as objections to the admissibility of evidence, the form of questions, and other legal points. You should not draw any conclusions from these rulings either as to the merits of the case, or as to my views regarding any witness, party, or the case itself.

It is the duty of a lawyer to make objections that the lawyer believes are proper. You should not be influenced by the fact that these objections were made, no matter how the court may have ruled on them. You must disregard any evidence which I have ordered stricken.

## MPJI-Cv 1:3
### Witness Testimony Consideration
### By:  Narayan P. Saheta, M.D.

You are the sole judges of whether testimony should be believed. In making this decision, you may apply your own common sense and everyday experiences.

In deciding whether a witness should be believed, you should carefully consider all the testimony and evidence, as well as whether the witness's testimony was affected by other factors. You should consider such factors as:

(1) the witness's behavior on the stand and way of testifying;

(2) the witness's opportunity to see or hear the things about which testimony was given;

(3) the accuracy of the witness's memory;

(4) whether the witness had a motive not to tell the truth;

(5) whether the witness had an interest in the outcome of the case;

(6) whether the witness's testimony was consistent;

(7) whether the witness's testimony supported or contradicted other evidence, and

(8) whether and the extent to which the witness's testimony in the court differed from statements made by the witness on any previous occasion.

You are the sole judges of whether a witness should be believed. You need not believe any witness even though the testimony is uncontradicted. You may believe all, part, or none of the testimony of any witness.

6

**MPJI-Cv 1:4**
**Expert Opinion Testimony**
**By:  Narayan P. Saheta, M.D.**

An expert is a witness who has special training or experience in a given field.

You should give expert testimony the weight and value you believe it should have. You are not required to accept any expert's opinion. You should consider an expert's opinion together with all the other evidence.

**MPJI-Cv 1:5**
**Impartiality in Consideration**
**By:  Narayan P. Saheta, M.D.**

    You must consider and decide this case fairly and impartially. All persons, including corporations, stand equal before the law and are entitled to the same treatment under the law. You should not be prejudiced for or against a person because of that person's race, color, religion, political or social views, wealth or poverty. You should not even consider such matters. The same is true as to prejudice, for or against, and sympathy for any party.

**MPJI-Cv 1:6**
**Inferences from Statements of Court**
**By:  Narayan P. Saheta, M.D.**

    You should not conclude from any conduct or words of mine that I favor one party or another, or that I believe or disbelieve the testimony of any witness. You, not I, are the sole judges of the believability of witnesses and the weight of the evidence. You must not be influenced in any way by my conduct during the course of the trial.

9

**MPJI-Cv 1:7**
**What Constitutes Evidence**
**By:  Narayan P. Saheta, M.D.**

In making your decision, you must consider the evidence in this case; that is

(1)  testimony from the witness stand; [and]

(2)  physical evidence or exhibits admitted into evidence;

In evaluating the evidence, you should consider it in light of your own experiences. You may draw any reasonable conclusion from the evidence that you believe to be justified by common sense and your own experiences.

The following things are not evidence, and you should not give them any weight or consideration:

(1)  any testimony that I told you to disregard and any exhibits that I did not admit into evidence; and

(2)  questions that the witnesses did not answer and objections of the lawyers.

You must not consider exhibits that I did not admit into evidence or testimony that I ordered be stricken. You must disregard questions that I did not permit the witness to answer and you must not speculate as to the possible answers. If after an answer was given, I ordered that the answer be stricken, you must disregard both the question and the answer.

During the trial, I may have commented on the evidence or asked a question of a witness. You should not draw any conclusion about my views of the case or of any witness from my comments or my questions.

Opening statements and closing arguments of lawyers are not evidence. They are intended only to help you understand the evidence and to apply the law. Therefore, if your memory of the evidence differs from anything the lawyers or I may say, you must rely on your own memory of the evidence.

10

## MPJI-Cv 1:8
## Direct and Circumstantial Evidence
### By:  Narayan P. Saheta, M.D.

There are two types of evidence — direct and circumstantial.

Direct evidence is, for example, testimony of a person reporting firsthand knowledge of a matter, such as testimony of an eyewitness to an occurrence. Circumstantial evidence is indirect and is proof of a chain of facts and circumstances that point to the existence of certain facts.

[For example, if a witness testifies that he saw a deer in the field, that is direct evidence that there was a deer in the field. If a person testifies that he saw deer prints in the snow in the field, that is direct evidence that there were deer prints in the snow, and circumstantial evidence that there was at least one deer in the field.] The law makes no distinction between the weight to be given to either type of evidence. No greater degree of certainty is required of circumstantial evidence than of direct evidence. In reaching a verdict, you should weigh all of the evidence presented, whether direct or circumstantial.

11

**MPJI-Cv 1:12**
**Burden of Proof — Preponderance of Evidence Standard**
**By:  Narayan P. Saheta, M.D.**

The party who asserts a claim or affirmative defense has the burden of proving it by what we call the preponderance of the evidence.

In order to prove something by a preponderance of the evidence a party must prove that it is more likely so than not so. In other words, a preponderance of the evidence means such evidence which, when considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that it is more likely true than not true.

In determining whether a party has met the burden of proof you should consider the quality of all of the evidence regardless of who called the witness or introduced the exhibit and regardless of the number of witnesses which one party or the other may have produced.

If you believe that the evidence is evenly balanced on an issue, then your finding on that issue must be against the party who has the burden of proving it.

12

**MPJI-Cv 1:17**
**Case Submission on Issues**
**By:  Narayan P. Saheta, M.D.**

In this case, it will be your duty to return your verdict in the form of written answers to the written questions which are submitted to you by the Court. Your answers will constitute your verdict. Each answer is to be written in the space provided after each question. Before making each answer, all of you must agree upon it. It is your duty to answer each of these questions in accordance with the evidence in the case.

13

**MPJI-Cv 1:18**
**Conclusion — Unanimous Verdict**
**By:  Narayan P. Saheta, M.D.**

To reach a verdict in this case, each of you must agree upon it. Your verdict must be unanimous.

**MPJI-Cv 19:1**
**Definition**
**By:   Narayan P. Saheta, M.D.**

Negligence is doing something that a person using reasonable care would not do, or not doing something that a person using reasonable care would do. Reasonable care means that caution, attention or skill a reasonable person would use under similar circumstances.

15

**MPJI-Cv 19:10**
**Definition**
**By:  Narayan P. Saheta, M.D.**

For the plaintiff to recover damages, the defendant's negligence must be a cause of the plaintiff's injury. [There may be more than one cause of an injury, that is, several negligent acts may work together. Each person whose negligent act is a cause of an injury is responsible.]

**MPJI-Cv 19:11**
**Contributory Negligence — Generally**
**By:  Narayan P. Saheta, M.D.**

A plaintiff cannot recover if the plaintiff's negligence is a cause of the injury.

The defendant has the burden of proving by a preponderance of the evidence that the plaintiff's negligence was a cause of the plaintiff's injury.

17

**MPJI-Cv 27:1**
**Health Care Providers — Standard of Care**
**By:  Narayan P. Saheta, M.D.**

A health care provider is negligent if the health care provider does not use that degree of care and skill which a reasonably competent health care provider, engaged in a similar practice and acting in similar circumstances, would use.

18

**MPJI-Cv 27:6**
**Medical Practitioners — Contributory Negligence**
**By:  Narayan P. Saheta, M.D.**

The patient cannot recover if the patient's negligence is a cause of the injury.

Negligence is doing something that a patient using ordinary care would not do, or not doing something that a person using ordinary care would do. Ordinary care means that caution, attention or skill a reasonable person would use under similar circumstances.

The defendant has the burden of proving by a preponderance of the evidence that a patient's negligence was a cause of the patient's injury.

19

**MPJI-Cv 10:1**
**Introductory Statement**
**By:  Narayan P. Saheta, M.D.**

In the event that you find for the plaintiff on the issue of liability, then you must go on to consider the question of damages. It will be your duty to determine what, if any, award will fairly compensate the plaintiff for the losses.

The burden is on the plaintiff to prove by the preponderance of the evidence each item of damage claimed to be caused by the defendant. In considering the items of damage, you must keep in mind that your award must adequately and fairly compensate the plaintiff, but an award should not be based on guesswork.

20

**MPJI-Cv 10:23**

**Damages — Spouse of Deceased**

**By:  Narayan P. Saheta, M.D.**

In determining the damages which will reasonably and adequately compensate the spouse of the deceased as a result of the death, you shall consider noneconomic losses.

Noneconomic losses include mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, marital care, attention, advice or counsel the surviving spouse has experienced or probably will experience in the future.

**MPJI-Cv 10:24**
**Damages — Child of Deceased Parent**
**By:  Narayan P. Saheta, M.D.**

In determining the damages which will reasonably and adequately compensate a surviving child of a deceased parent as a result of the death of a parent you shall consider noneconomic losses.

The noneconomic losses to be considered are the mental anguish, emotional pain and suffering, and the loss of society, companionship, comfort, protection, parental care, attention, advice, counsel, training, guidance or education that the child has experienced or probably will experience in the future.

22

**MPJI-Cv 10:25**
**Damages — Action by Estate**
**By:   Narayan P. Saheta, M.D.**

In determining the damages to be awarded to the estate of the deceased as a result of the death you shall consider both economic and noneconomic losses.

The economic losses to be considered include the fair and reasonable medical expenses which were incurred by the deceased, and the loss of earnings from the time of injury to the time of death. You shall also consider the funeral expenses up to (_____).

The noneconomic losses to be considered are any conscious pain, suffering or mental anguish that the deceased experienced as a result of the injury until death.

23

**MPJI-Cv 10:12**
**Damage Award Not Subject to**
**Federal or State Income Tax**
**By:  Narayan P. Saheta, M.D.**

Any compensatory damages awarded to the plaintiff are not income within the meaning of Federal and Maryland income tax laws and the plaintiff will not owe or have to pay any income tax on the amount awarded as damages. Therefore you should not add an amount to any award to compensate for anticipated taxes.

24